**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID CHURCH,

    Petitioner,

v.                                                   Case No. 12-15663

WILLIAM SMITH,

    Respondent.
_____/

**ORDER TRANSFERRING THE PETITION FOR WRIT OF
HABEAS CORPUS TO THE WESTERN DISTRICT OF MICHIGAN**

Petitioner David Church, presently confined at the Carson City Correctional Facility in Carson City, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges the Michigan Parole Board's decision to deny him release on parole. In the interests of justice, the court concludes that the proper venue for this petition is the Western District of Michigan and will order that the petition be transferred to that District.

Petitioner was convicted of three counts of first-degree criminal sexual conduct in the Eaton County Circuit Court and was sentenced to concurrent sentences of ten-to-twenty years in prison on May 9, 2002.[1] Petitioner claims that he was wrongfully denied release on parole for these offenses by the Michigan Parole Board on March 19, 2012.

---

[1] The court obtained the information concerning Petitioner's conviction from the Michigan Department of Corrections' Offender Tracking Information System ("OTIS"), of which this court is permitted to take judicial notice. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004).

Petitioner has now filed a petition for writ of habeas corpus in which he seeks to be released on parole.

28 U.S.C. § 2241 (d) states:

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d) thus allows a state prisoner who seeks relief from a state court conviction to file a petition for writ of habeas corpus either in the federal district where he was convicted or in the district where he is confined, provided that both judicial districts are located within the same state. *Rumsfeld v. Padilla,* 542 U.S. 426, 443 (2004); *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 497 (1973); *Schlanger v. Seamans*, 401 U.S. 487, 490 n.3 (1971).

For the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought. *See* 28 U.S.C. § 1404(a); *Weatherford v. Gluch*, 708 F. Supp. 818, 819-20 (E.D. Mich. 1988). When venue is inappropriate, a court may transfer a habeas petition to the appropriate federal district court *sua sponte. See Verissimo v. I.N.S.,* 204 F. Supp. 2d 818, 820 (D. N.J. 2002).

Petitioner was convicted in Eaton County, Michigan and is presently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, both located in the

Western District of Michigan.[2]  A federal district court lacks jurisdiction to hear a state prisoner's habeas petition where the petitioner was not convicted, sentenced, or incarcerated within that district.  See *Wadsworth v. Johnson*, 235 F.3d 959, 962-63 (5th Cir. 2000).  Because Petitioner was convicted and sentenced in a state court located in the Western District of Michigan and is incarcerated in a state facility likewise located in that District, the Western District of Michigan is the only court with subject matter jurisdiction pursuant to 28 U.S.C. § 2241 to hear Petitioner's challenge to his parole denial.  See *Carmona v. Andrews,* 357 F.3d 535, 537-39 (5th Cir. 2004).  The court will transfer the petition for writ of habeas corpus to the United States District Court for the Western District of Michigan.  Accordingly,

IT IS ORDERED that the Clerk of the Court is DIRECTED to transfer this case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 2241(d).

       s/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated:  January 24, 2013

---

[2] At the time he filed his habeas application, Petitioner was incarcerated at the Boyer Road Correctional Facility in Carson City, Michigan, but according to OTIS he is now incarcerated at the Carson City Correctional Facility.  Because the Boyer Road Correctional Facility is also located in the Western District of Michigan, the fact that Petitioner may have been incarcerated at that facility when he submitted his habeas petition for filing would not change the court's disposition of the case.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2013, by electronic and/or ordinary mail.

                                            s/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522