UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANDREW CHURCH,

                Petitioner,                Case No. 1:13-cv-83

v.                                           Honorable Robert Holmes Bell

WILLIE SMITH,

                Respondent.
_____/

## **OPINION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner David Andrew Church presently is incarcerated at the Carson City Correctional Facility. Petitioner pleaded *nolo contendere* in the Eaton County Circuit Court to three counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b(1)(a). On May 9, 2002, he was sentenced to three concurrent prison terms of 10 to 20 years.

Petitioner then filed a *pro se* application for leave to appeal with the Michigan Court of Appeals requesting the appointment of appellate counsel. The Michigan Court of Appeals denied Petitioner's leave to appeal on December 14, 2005. (Am. Pet. at 2.) Petitioner then filed a *pro se* application for leave to appeal to the Michigan Supreme Court, requesting the appointment of appellate counsel. The Michigan Supreme Court denied Petitioner's application for leave to appeal on June 23, 2008. (*Id.* at 2.)

Petitioner filed an application for writ of habeas corpus in this Court raising the following grounds for habeas corpus relief:

I. INEFFECTIVE ASSISTANCE OF COUNSEL.

II. APPELLATE COUNSEL WAS INEFFECTIVE.

III. TRIAL AND APPELLATE COUNSEL FAILED TO RAISE MY CLAIMS AS A MATTER OF FEDERAL LAW.

IV. THE PETITIONER INCORPORATES BY REFERENCE THE "MOTION TO SET ASIDE AND VACATE STATE SENTENCE" INITIALLY SUBMITTED TO THIS COURT.

*Church v. Lafler*, No. 1:09-cv-883 (W.D. Mich.). Upon initial review, this Court determined that Petitioner had failed to exhaust his available state-court remedies. In an order issued January 4, 1010, the Court concluded that, in accordance with *Rhines v. Weber*, 544 U.S. 269, 277 (2005),

Petitioner was entitled to a stay of his habeas proceedings pending his prompt exhaustion of his claims in the Michigan state courts. *See id.* (1/4/10 Ord.)(docket #10).

Petitioner filed the instant habeas corpus application on or about December 14, 2012. In his present action, Petitioner does not challenge his underlying 2002 convictions. Instead, he challenges the Michigan Parole Board's March 19, 2012 decision denying parole and continuing parole review for 18 months. Petitioner contends that, given the results of his Parole Guidelines Assessment, which showed him having a "high probability" of parole, the Parole Board's denial of parole violated his right to due process. He seeks immediate release from custody.

## Discussion

Petitioner claims that the Michigan Parole Board violated his due process rights by failing to provide valid substantial and compelling reasons for departing from the parole guidelines when denying his parole. To establish a procedural due process violation, a prisoner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Petitioner fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987).

Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. In a recent published decision, the Sixth Circuit reiterated the continuing validity of *Sweeton*. *See Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Until Petitioner has served his 22-year maximum sentence, he has no reasonable expectation of liberty. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. The Michigan Parole Board's failure or refusal to consider Petitioner for parole, therefore, implicates no federal right. In the absence of a liberty interest, Petitioner fails to state a claim for a violation of his procedural due process rights.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

   The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

   A Judgment and Order consistent with this Opinion will be entered.


Date: February 5, 2013        /s/ Robert Holmes Bell
                   ROBERT HOLMES BELL
                   UNITED STATES DISTRICT JUDGE